
**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

JEFFREY SIPLER, LISA SIPLER,
AND MEGAN RUANE,

                Plaintiffs,

v.

TRANS AM TRUCKING, INC.
AND PAUL C. ROBB,

                Defendants.

Civ. No. 10-3550 (DRD)

**O P I N I O N**

*Appearances by:*

GREENBAUM, ROWE, SMITH & DAVIS LLP
by: John D. North, Esq. and Nicholas P. Grippo, Esq.
Metro Corporate Campus One
P.O. Box 5600
Woodbridge, NJ 07095

    *Attorneys for Plaintiffs Jeffrey and Lisa Sipler*

JOHNSTON & JOHNSTON
by: Ralph J. Johnston, Jr., Esq.
Pierce Officenter
250 Pierce Street
Suite 308
Kingston, PA 18704

    *Attorneys for Plaintiff Megan Ruane*

RAWLE & HENDERSON LLP
by: Gary N. Stewart, Esq.
25 North Front Street, 1st Floor
Harrisburg, PA 17101

RAWLE & HENDERSON LLP
by: Sonia Di Valerio, Esq.
Executive Park, Suite 200
40 Lake Center
401 Route 73
Marlton, NJ 08053

*Attorneys for Defendants*

**DEBEVOISE, Senior District Judge**

This matter arises out of a March 8, 2007 motor vehicle collision and raises the issues of whether: (1) Defendants Paul C. Robb ("Robb") and Trans Am Trucking, Inc. ("Trans Am") are liable to Plaintiffs Jeffrey Sipler and Lisa Sipler ("The Siplers") and Megan Ruane ("Ruane") for punitive damages; and (2) whether Trans Am is liable to Plaintiffs for negligent hiring, training, and supervision. During the course and scope of his employment, Robb was driving a tractor trailer owned and operated by Trans Am that collided with a commercial commuter bus. Plaintiffs were passengers on the bus. In their complaints, Plaintiffs allege that Defendants' recklessness, carelessness, and negligence caused their injuries and that Trans Am is vicariously liable for the conduct of its employee Robb.

Defendants now move for summary judgment pursuant to Federal Rule of Civil Procedure 56. In doing so, they contend that: (1) Plaintiffs' punitive damages claim must be dismissed because Defendants were not reckless; and (2) Plaintiffs' negligent hiring, training, and supervision claims must be dismissed because Trans Am has stipulated that it is vicariously liable for any negligence attributable to Robb and therefore, any additional negligence claims are

duplicative. For the reasons set forth below, Defendants' motion for summary judgment will be granted.

## I. BACKGROUND

On March 8, 2007, Robb was driving a Trans Am tractor trailer in Roxbury, New Jersey during the course and scope of his employment. He was traveling eastbound on Interstate 80 in heavy traffic and at one point, was immediately behind a commercial bus. His tractor trailer collided with the rear of the bus when all traffic in front of him braked suddenly. At the time of the accident, Robb was talking on his hands-free cell phone to his girlfriend.

On August 12, 2008, The Siplers filed a complaint against Defendants in the Luzerne County Court of Common Pleas. Defendants then removed the case to the United States District Court for the Middle District of Pennsylvania. On May 29, 2009, Ruane filed a complaint against Defendants in the Luzerne County Court of Common Pleas. Defendants also removed the case to the United States District Court for the Middle District of Pennsylvania.

The Complaints allege that: (1) Defendants' recklessness, carelessness, and negligence caused Plaintiffs' injuries and damages; and (2) Trans Am is vicariously liable for the conduct of its employee Robb. In addition, The Siplers allege that Trans Am was reckless, careless, and negligent in failing to properly hire, train, and supervise Robb. Ruane also alleges that Trans Am was reckless, careless, and negligent in training, supervising, controlling, and monitoring Robb, as well as in its maintenance of the tractor trailer.

On June 2, 2010, Defendants filed a motion for partial summary judgment in the United States District Court of the Middle District of Pennsylvania. The Siplers and Ruane then filed briefs in opposition on June 17, 2010 and June 22, 2010, respectively. On July 9, 2009, the court consolidated the two actions upon Defendants' motion and the consent of all parties.

On July 13, 2010, the Pennsylvania district court transferred the consolidated action to the District of New Jersey. On November 8, 2010, Defendants filed a supplemental brief in support of their motion for partial summary judgment, and Plaintiffs filed a supplemental brief in opposition.

## II.  DISCUSSION

In moving for summary judgment under Federal Rule of Civil Procedure 56, Defendants seek to dismiss Plaintiffs' punitive damages claim on the ground that Defendants did not act with actual malice or wanton and willful disregard of Plaintiffs' safety. Additionally, Trans Am seeks to dismiss Plaintiffs' negligent hiring, training, and supervision claims because it has already admitted that it is vicariously liable for Robb's conduct and therefore, any additional negligence claims are redundant.

Plaintiffs argue that the Court should deny Defendants' motion for summary judgment with respect to the punitive damages claim because a jury could conclude that Robb's conduct was outrageous. According to Plaintiffs, Robb violated New Jersey motor vehicle law[1] and federal motor carrier safety regulations[2]. Plaintiffs also note that Robb was talking on his cell phone to his girlfriend at the time of the collision, despite knowing that Trans Am recommends against cell phone use while driving.

---

[1] Plaintiffs cite to three sections of New Jersey motor vehicle law: "[I]t shall be unlawful for any person to drive or operate a motor vehicle in an unsafe manner likely to endanger a person or property." N.J. Stat. Ann. § 39:4-97.2(a) (2009). "A person who drives a vehicle heedlessly, in willful or wanton disregard of the safety of others, in a manner so as to endanger or likely to endanger, a person or property, is guilty of reckless driving." N.J. Stat. Ann. § 39:4-96. "The driver of a vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of the preceding vehicle and the traffic upon, and condition of, the highway." N.J. Stat. Ann. § 39:4-89.

[2] Plaintiffs cite to the following section of the regulations: "[N]o driver shall operate a commercial motor vehicle, and a motor carrier shall not require or permit a driver to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle." 49 C.F.R. § 382.3 (2009).

Plaintiffs contend that the Court should deny Trans Am's motion for summary judgment with respect to their negligent hiring, training, and supervision claims because Trans Am subjectively appreciated the risk of harm posed by hiring Robb. In particular, Plaintiffs note that Trans Am either knew or should have known that a previous employer had dismissed Robb due to an unsatisfactory safety record and that his employment application with Trans Am contained omissions and false statements. Plaintiffs also argue that Trans Am failed to give Robb a federally required road test before verifying his ability to drive a tractor trailer.

Applying the standard of review governing requests for summary judgment, Defendants have demonstrated that no genuine issue of material fact exists. Therefore, the Court must dismiss Plaintiffs' punitive damages claim and negligent hiring, training, and supervision claims.

**A. Standard of Review**

Summary judgment is proper where "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). For an issue to be genuine, there must be "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party." Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006). For a fact to be material, it must be able to "affect the outcome of the suit under governing law." Id.

The party moving for summary judgment has the burden of establishing the nonexistence of a "genuine issue". Celotex, 477 U.S. at 330. The moving party may satisfy this burden by either: (1) submitting affirmative evidence that negates an essential element of the non-moving party's claim; or (2) demonstrating that the non-moving party's evidence is insufficient to establish an essential element of the non-moving party's case. Id. at 331.

Once the moving party satisfies this initial burden, the non-moving party then "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); Celotex, 477 U.S. at 324. To do so, the non-moving party must offer specific facts that establish a genuine issue of material fact, rather than simply create "some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). To survive summary judgment, the non-moving party ultimately must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

In deciding whether an issue of material fact exists, the Court must consider all facts and their reasonable inferences in the light most favorable to the non-moving party. See Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995). However, the Court's function is not to weigh the evidence and determine the truth of the matter, but rather, to determine whether there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If there are no issues that require a trial, then judgment as a matter of law is appropriate.

**B. Plaintiffs' Punitive Damages Claim**

The Punitive Damages Act (the "Act"), N.J. Stat. Ann. § 2A:15-5.9 to -5.17 (2010), governs claims involving punitive damages. Under the Act, a New Jersey court may award punitive damages only if:

> [T]he plaintiff proves, by clear and convincing evidence, that the harm suffered was the result of the defendant's acts or omissions, and such acts or omissions were actuated by actual malice or accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by those acts or omissions. This burden of proof may not be satisfied by proof of any degree of negligence including gross negligence.

N.J. Stat. Ann. § 2A: 15-5.12(a); Kim v. Marina Dist. Dev. Co., No. 09-1553, 2010 WL 2877784, at *8 (D.N.J. Jul. 16, 2010).  The Act defines "actual malice" as "an intentional wrongdoing in the sense of an evil-minded act" and "wanton and willful disregard" as a "deliberate act or omission with knowledge of a high degree of probability of harm to another and reckless indifference to the consequences of such act or omission." N.J. Stat. Ann. § 2A: 15-5.10.

A punitive damages award serves two purposes: to punish aggravated misconduct and to deter similar misconduct in the future.  Fineman v. Armstrong World Indus., Inc., 980 F.2d 171, 196 (3d Cir. 1992).  A court should grant punitive damages only in exceptional cases, "when the wrongdoer's conduct is especially egregious." Taxman v. Bd. of Educ. of the Twp. of Piscataway, 91 F.3d 1547, 1566 (3d Cir. 1996) (quoting Rendine v. Pantzer, 141 N.J. 292, 313 (1995)).  "Something more than the mere commission of a tort is always required for punitive damages." DiGiovanni v. Pessel, 510 A.2d 510, 511 (N.J. 1970).  A court may award punitive damages only where the evidence shows that the defendant knows or has reason to know of facts that create a high risk of physical harm to another and deliberately proceeds to act in conscious disregard of, or indifference to, that risk.  Burke v. Maassen, 904 F.2d 178, 181 (3d Cir. 1990). Therefore, it is not enough to show that a reasonable person in the defendant's position would have realized or appreciated the high degree of risk from his actions.  Id. at 181-82.  There must be some evidence that the defendant actually realized the risk and acted in conscious disregard of or indifference to it.  Id. at 182.

In Burke, the decedent's parents brought a wrongful death action against a truck driver and his employer after the driver had fallen asleep while driving and struck and killed decedent.  Id. at 178.  The driver had lied on his employment application about his experience driving

7

trucks; knowingly violated a federal motor safety carrier regulation limiting his daily driving time; and after the accident, falsified his driver's logs and gave false answers at a deposition to conceal his violation. Id. at 183. On appeal, the Third Circuit held that the driver was not liable for punitive damages because he had not consciously appreciated the risk of fatigue or potential for fatal accidents due to driving over ten hours in one day. Id. at 178. The evidence that the driver had tried to conceal his violation was insufficient to allow the jury to conclude that he had consciously appreciated the risk of his actions before his accident. Id.

In the present case, Plaintiffs have failed to show clear and convincing evidence that Defendants acted with actual malice or wanton and willful disregard of Plaintiffs' safety. With respect to actual malice, the evidence does not show that the collision resulted from any intentional wrongdoing in the sense of an evil-minded act. Indeed, Robb had applied the brakes of his tractor trailer to attempt to avoid hitting the commercial bus on which Plaintiffs were passengers. The Third Circuit has stated that "[t]he key to the right to punitive damages is the wrongfulness of the intentional action." Taxman, 91 F.3d at 1566-67. Since Defendants did not intentionally injure Plaintiffs, they did not commit actual malice.

Defendants also did not act in wanton and willful disregard because they did not deliberately act with knowledge of a high degree of probability of harm or reckless indifference to the consequences. Arguably, the defendants' conduct in Burke is even more reprehensible than that of Defendants; however, the Third Circuit denied punitive damages in Burke because the truck driver did not consciously appreciate the risk of his actions before the accident. Burke, 904 F.2d at 178. Like the truck driver in Burke, Robb acted without any knowledge that his conduct would create a high probability of harm. Robb was talking on his hands-free cell phone at the time of the collision. While such conduct may be negligent, it does not show wanton and

8

willful disregard of Plaintiffs' safety because Robb testified that it did not occur to him that he should not be using a hands-free cell phone while driving. Robb Dep. 116: 9-13, Jul. 13, 2009. Moreover, Trans Am cautions against, but does not prohibit, cell phone use while driving.

Robb did not violate any New Jersey motor vehicle laws or federal motor carrier safety regulations, as Plaintiffs contend. With respect to N.J. Stat. Ann. § 39:4-96, he did not "drive . . . in willful or wanton disregard of the safety of others" and thereby engage in "reckless driving" for the reasons explained above. Robb also did not "follow another vehicle more closely than is reasonable and prudent" so as to violate N.J. Stat. Ann. § 39:4-89. On the contrary, he testified that he was uncomfortable with the amount of distance between his tractor trailer and the commercial bus and began slowing down prior to the accident. Robb Dep. 112:9-11. Furthermore, even if Robb violated N.J. Stat. Ann. § 39:4-97.2(a) by driving or operating his tractor trailer in an "unsafe manner", 49 C.F.R. § 382.3 by impairing his driving ability with cell phone use, or any of the aforementioned statutes, his conduct at best amounts to negligence. Negligence does not constitute clear and convincing evidence to support an award of punitive damages. See N.J. Stat. Ann. § 2A: 15-5.12(a) (burden of proving punitive damages "may not be satisfied by proof of any degree of negligence including gross negligence"). Furthermore, since the Court cannot award punitive damages against Robb, it also cannot award punitive damages vicariously against Trans Am. See Burke, 904 F.2d at 184 (holding that because evidence was insufficient to award punitive damages against truck driver, court could not award same against employer). Therefore, the Court finds no justification for awarding punitive damages to Plaintiffs.

### C. Plaintiffs' Negligent Hiring, Training, and Supervision Claims

A negligent hiring or supervision claim differs from a claim based on respondeat superior. DiCosala v. Kay, 450 A.2d 508, 515 (N.J. 1982). Negligent hiring "impose[s] liability in cases where the employee commits an intentional tort, an action almost invariably outside the scope of employment . . . where the employer either knew or should have known that the employee might engage in injurious conduct towards third persons." Id. In contrast, under respondeat superior, an employer is responsible for the negligence of its employees that occurs within the course and scope of their employment. Williams v. Rene, 72 F.3d 1096, 1099 (3d Cir. 1995).

In the present case, Trans Am has admitted that Robb was both employed by Trans Am and acting within the course and scope of his employment at the time of the collision. Since Trans Am will be held vicariously liable for any negligence attributable to Robb, Plaintiffs' negligent hiring, training, and supervision claims are duplicative and must be dismissed.

### III. CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is granted. Plaintiffs' claim for punitive damages against Defendants is dismissed, and Plaintiffs' negligent hiring, training, and supervision claims against Trans Am are also dismissed.

The Court will enter an Order implementing this Opinion.

 s/ Dickinson R. Debevoise   
DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated: November 30, 2010